## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **BRYAN S. KEES,** | : | **MOTION TO VACATE** |
| **BOP Reg. # 18669-021,** | : | **28 U.S.C. § 2255** |
| **Movant,** | : | |
| | : | **CRIMINAL ACTION NO.** |
| **v.** | : | **1:13-CR-459-ODE-AJB-3** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| **Respondent.** | : | **1:15-CV-2517-ODE-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant, Bryan S. Kees, filed a *pro se* motion under 28 U.S.C. § 2255 to vacate,

set aside, or correct his sentence in criminal action number 1:13-cr-459-ODE-AJB-3.

[Doc. 83.][1] Movant also submitted exhibits, [Doc. 85], and a memorandum in support,

[Doc. 86]. The Government filed a response in opposition, [Doc. 87], and Movant filed

a reply, [Doc. 88]. For the reasons discussed below, the undersigned **RECOMMENDS**

that the § 2255 motion be **DENIED**.

## I.    28 U.S.C. § 2255 Standard

A motion to vacate, set aside, or correct a sentence may be made "upon the

ground that the sentence was imposed in violation of the Constitution or laws of the

---

[1]    Citations to the record in this Final Report and Recommendation refer to
case number 1:13-cr-459-ODE-AJB-3.

AO 72A
(Rev.8/8
2)

United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[2]). The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by

---

[2]    In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

AO 72A
(Rev.8/8
2)

the record, or the claims are patently frivolous." *Bain v. United States*, 565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted).

In the present case, the undersigned determines that an evidentiary hearing is not needed because the § 2255 motion and record conclusively show that Movant is entitled to no relief.

## II.   **Discussion**

In an indictment returned on November 19, 2013, Movant was charged with the following offenses:  (1) conspiracy, in violation of 18 U.S.C. § 1029(b)(2) (count one); (2) access device fraud, in violation of 18 U.S.C. §§ 2 and 1029(a)(2)-(4) (counts two, three, four); and (3) aggravated identity theft, in violation of 18 U.S.C. §§ 2 and 1028A(a)(1) (counts five through twenty-seven).  [Doc. 1.]  On February 6, 2014, Movant pleaded guilty to counts one, four, and five, and the Government agreed to dismiss the other counts.  [Docs. 38, 38-1.]

On July 22, 2014, the District Court sentenced Movant to a total effective term of eighty-four months of imprisonment, followed by three years of supervised release.  [Doc. 69.]  Movant did not appeal.  [Doc. 83 at 2.]  He timely executed his § 2255 motion on July 8, 2015.  [*Id.* at 12.]  Movant claims that (1) his "due process rights

3

were harmed when he was punished for more offense behavior than he was actually culpable for," (2) the District Court incorrectly determined his criminal history category, and (3) he "was denied due process of law and the benefit of 18 U.S.C. § 3553 when the [District Court] denied a departure or variance due to his minimal role." [*Id.* at 4-8.]

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct." *Lynn*, 365 F.3d at 1235. To demonstrate actual prejudice, a movant must show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

As an alternative to showing cause and actual prejudice, a § 2255 movant may

4

overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted). "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n.18 (internal quotation marks omitted).

As the Government correctly points out, Movant's grounds for relief are procedurally defaulted because he failed to (1) file a direct appeal, or (2) either (a) show cause and actual prejudice, or (b) proof of actual innocence. [Doc. 87 at 9-11.] Furthermore, even if Movant had overcome his defaults, the Government also correctly points out that his grounds would nevertheless fail because his plea agreement contains a valid appeal waiver. [*Id.* at 7-9.]

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). "[T]he government must show that either (1) the district court specifically questioned [Movant] concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that [Movant] otherwise understood the full significance of the waiver." *Id.* (quoting *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993)).

Movant's plea agreement contains the following appeal waiver:

> LIMITED WAIVER OF APPEAL:  To the maximum extent permitted by federal law, [Movant] voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Movant] may file a direct appeal of an upward departure or variance above the sentencing guideline range as calculated by the district court. . . .

[Doc. 38-1 at 18.]  Movant signed the agreement, indicating that he had (1) read and understood its terms and conditions, and (2) consented to them.  [*Id.* at 19-20.]  The District Court specifically questioned Movant regarding the appeal waiver during the plea colloquy, and Movant indicated that he understood he was giving up his right to appeal as specified in the plea agreement.  [Doc. 87-1 at 10.]  Therefore, Movant's appeal waiver is valid.  *See Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001) (holding that petitioner's appeal waiver provision of plea agreement is not cause for excusing petitioner's procedural default).

Accordingly, Movant should be denied § 2255 relief.

## III.   Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order

6

adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."    *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable.  If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court

AO 72A
(Rev.8/8
2)

of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules

Governing Section 2255 Proceedings for the United States District Courts.

**IV.**   <u>**Conclusion**</u>

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's § 2255 motion, [Doc. 83], be

**DENIED**, a COA be **DENIED**, and civil action number 1:15-cv-2517-ODE-AJB be

**DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the

undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this ___7th___ day of March,

2017.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

8